**Leonard W. GIDDENS, Jr.,
Plaintiff–Appellant,**

v.

**CALHOUN STATE PRISON,
et al., Defendants,**

**Kevin Roberts, Warden, Calhoun State
Prison, Dwight Ayres, Dr., Larry Ed-
wards, P.A., Karen Douglas, Captain,
Defendants–Appellees.**

No. 07–11988
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 24, 2007.

Leonard W. Giddens, Jr., Morgan, GA,
for Plaintiff–Appellant.

Rick D. Collum, The Collum Law Firm,
P.C., Moultrie, GA, for Defendants–Appel-
lees.

Before BIRCH, DUBINA and BLACK,
Circuit Judges.

PER CURIAM:

Appellant Leonard W. Giddens, Jr.
("Giddens"), a Georgia prisoner, appeals
*pro se* the district court's grant of sum-
mary judgment to the defendants on his 42
U.S.C. § 1983 claim alleging a violation of
his Eighth Amendment right to be free of
cruel and unusual punishment by failing to
enforce the prison's smoking ban. On ap-
peal, Giddens maintains that the prison's
smoking ban is not actively enforced. He
argues that this lack of enforcement
amounts to deliberate indifference on the
part of the defendants, and that it poses an
unreasonable risk to his future health from
the effects of second-hand smoke ("ETS").

We review a district court's grant of
summary judgment *de novo,* viewing the
evidence in the light most favorable to the
party opposing the motion. *Kelley v.
Hicks,* 400 F.3d 1282, 1284 (11th Cir.2005).
Summary judgment is appropriate if the
pleadings, depositions, answers to inter-
rogatories, and admissions on file, together
with the affidavits, if any, show that there
is no genuine issue as to any material fact
and that the moving party is entitled to
judgment as a matter of law. FED.R.CIV.P.
56; *Celotex v. Catrett,* 477 U.S. 317, 323–
24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Conclusory allegations based on subjective
beliefs are insufficient to create a genuine
issue of material fact. *Leigh v. Warner
Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir.
2000). There is a genuine issue of materi-
al fact only if the nonmoving party has
produced evidence such that a reasonable
fact-finder could return a verdict in its
favor. *Waddell v. Valley Forge Dental
Assocs., Inc.,* 276 F.3d 1275, 1279 (11th
Cir.2001).

The Eighth Amendment governs "the
treatment a prisoner receives in prison
and the conditions under which he is con-
fined." *Helling v. McKinney,* 509 U.S. 25,
31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).
In order to establish a violation of the
Eighth Amendment due to exposure to
ETS, a prisoner must show that the defen-
dants have, "with deliberate indifference,
exposed him to levels of ETS that pose an
unreasonable risk of serious damage to his
future health." *Id.* at 35, 113 S.Ct. 2475.
In order to show that the risk was unrea-
sonable, a prisoner must establish that he
is being exposed to unreasonably high lev-
els of ETS and that the risk to his health
is so grave as to violate contemporary

standards of decency. *Id.* at 35–36, 113 S.Ct. 2475. To establish deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004). "The adoption of a smoking policy will bear heavily on the inquiry into deliberate indifference." *Kelley*, 400 F.3d at 1284 (quotation and citation omitted).

After reviewing the record, we conclude that Giddens failed to present evidence sufficient for a jury to find that he was exposed to unreasonable levels of ETS that posed an unreasonable risk of serious damage to his future health or that prison officials acted with deliberate indifference. Giddens has established that he was exposed to some level of ETS; however, Giddens has presented no evidence showing the level of ETS to which he was exposed or to refute defendant Dr. Ayres's diagnosis that Giddens suffers from no serious respiratory or cardiovascular medical problems that would put him at particular risk from ETS.

Because Giddens failed to show that prison officials, acting with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health, we affirm the district court's grant of summary judgment.

**AFFIRMED.**[1]

---

1. We **DENY** Giddens' motions to supplement the record.